


Honorable August B. Landis
United States Bankruptcy Judge

**Entered on Docket**
**August 13, 2014**

___

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re: Camella L. Brown, | ) BK-S-14-12905-ABL |
| | ) Chapter 13 |
| Debtor | ) |
| | ) Date: June 26, 2014 |
| _____ ) | Time: 2:00pm |

**ORDER TO SHOW CAUSE**

On May 16, 2014, Camella L. Brown ("Debtor") docketed a Motion to Release Funds Taken from Debtor After Filing of Bankruptcy and for Sanctions ("Motion"). (ECF No. 17).[1] The Motion alleges that Debtor's initial bankruptcy petition in this case was a "skeleton filing, meaning it was missing various schedules, and simply had the bare documents in order to put a automatic stay into place." (Motion at 1). Two days later creditor Quality Acceptance removed $235.44 from Debtor's paycheck, and refused to return the funds even though notified of the pending bankruptcy proceeding. The Motion further notes that the Court may impose sanctions for a violation of the stay. (Id. at 2). Debtor, through

___

[1] In this Order, all references to either "Section" or "Code" shall be to provisions of the Bankruptcy Code, 11 U.S.C. section 101 et seq. All references to "Rule" or to "FRBP" shall be to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" shall be to the Local Rules of Practice for the United States District Court for the District of Nevada unless otherwise indicated. All references to "ECF No." are to the number assigned to the documents filed in the bankruptcy case as they appear on the docket maintained by the court clerk.

Maggie Strickland ("Strickland"), a nonattorney bankruptcy petition preparer ("BPP"), filed the Motion. (ECF No. 17). The Motion was typed and prepared by Strickland, as was the attached proposed order granting the Motion.[2] The Court hereby sets a show cause hearing on why Strickland should not be sanctioned and fined for the unauthorized practice of law, under 11 U.S.C. § 110.

The Motion against Quality Acceptance is set forth in nine unnumbered paragraphs. The paragraphs set forth a brief recitation of the operative facts and, albeit briefly, legal theory establishing a violation of the automatic stay in Section 362 of the Code.

In 1994, Congress enacted Section § 110 "to remedy what was perceived to be widespread fraud and unauthorized practice of law by nonattorneys who prepared bankruptcy documents for consumer debtors."[3] 2 Collier on Bankruptcy, 110.01, p. 110-7 (16th ed. rev. 2011) (citing Ferm v. United States Trustee (In re Crawford), 194 F.3d 954 (9th Cir. 1999), cert. denied, 528 U.S. 1189 (2000)). The act affirmatively restricts the participation of BPPs, specifically providing for damages for "any fraudulent, unfair, or deceptive act." 11 U.S.C. § 110(h)(1) (West 2010).

The BPP's role had been described as:

---

[2] Strickland also "typed and prepared" Debtor's bankruptcy petition. Form 201B, Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer. (ECF No. 1).

[3] In enacting Section 110, Congress was concerned that "far too many [BPPs] attempt to provide legal advice and legal services to debtors. These [BPPs] often lack the legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system." 140 Cong. Rec. H10, 770–01 (daily ed. Oct. 4, 1994). It is clear that the purpose of Section 110 was to deter bankruptcy petition preparers from taking advantage of unsophisticated debtors by requiring, among other things, that the petition preparers disclose their identities and the compensation they receive when filing documents that they have prepared.

2

> A bankruptcy petition preparer can meet a prospective debtor, provide forms or questionnaires for the debtor to complete without any assistance from the bankruptcy petition preparer, transcribe the information supplied by the prospective debtor on the applicable bankruptcy forms without change, correction, or alteration, copy the pleadings, and gather all necessary related pleadings to file with the bankruptcy court. The bankruptcy petition preparer cannot improve upon the prospective debtor's answers, cannot counsel the client on options, and cannot otherwise provide legal assistance to the prospective debtor, directly or indirectly.

Meininger v. Burnworth (In re Landry), 268 B.R. 301, 305 (Bankr. M.D. Fla. 2001) (drafting response to motion to avoid liens under Section 522 was beyond the scope of tasks a BPP could legitimately complete). Accord, In re Tomlinson, 343 B.R. 400, 405-06 (Bankr. E.D. N.Y. 2006); In re Powell, 266 B.R. 450, 452 (Bankr. N.D. Cal. 2001) (selection of motion to avoid lien form by bankruptcy petition preparer constituted the unauthorized practice of law); In re Gabrielson, 217 B.R. 819, 827 (Bankr. D. Ariz. 1998) ("[P]reparing motions, responses to motions, objections to claims, responding to the Trustee's Recommendation, or preparing any type of pleading, versus the official forms, is the practice of law."); In re McCarthy, 149 B.R. 162, 166 (Bankr. S.D. Cal. 1992) ("[BPP] can hardly be said to have been acting as a mere scrivener when he prepared the debtor's declaration and points and authorities in opposition to ITT's motion to dismiss that pleaded [an] affirmative defense.").[4] Thus, the BPP role is narrow, essentially a person who transcribes information supplied by the debtor onto an applicable bankruptcy form. The BPP "cannot improve upon the prospective debtor's

---

[4] See also, McDow v. Skinner (In re Jay), 446 B.R. 227, 245 (Bankr. E.D. Va. 2010) (preparation of a Motion to Vacate constitutes the unauthorized practice of law); In re Amstutz, 427 B.R. 636, 641–42 (Bankr. N.D. Ohio 2010) (preparation and filing "Motion to Set Aside Judgment" was the unauthorized practice of law); Gould v. Clippard, 340 B.R. 861, 875 (M.D. Tenn. 2006); In re Lyvers, 179 B.R. 837, 842 (Bankr. W.D. Ky. 1995) (filing and preparation of motion to dismiss and motion to reinstate constituted the unauthorized practice of law).

3

answers, cannot counsel the client on options, and cannot otherwise provide legal assistance to the prospective debtor, directly or indirectly." In re Landry, supra, 268 B.R. at 305. Courts have found that a BPP engages in the practice of law when it prepares motions to vacate, to set aside a judgment and to reinstate a bankruptcy case. See, e.g. In re Jay, supra, 446 B.R. at 245; In re Amstutz, supra, 427 B.R. at 641–42; Gould v. Clippard, supra, 340 B.R. at 875; In re Lyvers, supra, 79 B.R. at 842.

Strickland purports to be a BPP, signing both the Debtor's bankruptcy petition, the Debtor's Motion and the proposed order in that capacity. (ECF Nos. 1 and 17). Preparing and filing Debtor's Motion and proposed order meets the definition of BPP under Section 110.[5]

Even if Strickland did not charge a separate fee for preparing and filing the Motion, Strickland is bound by the BPP limitations since failing to charge a fee for filing additional documents beyond the bankruptcy petition does not excuse overstepping the limitations of what tasks a BPP can perform. See, In re Boettcher, 262 B.R. 94, 97 (Bankr. N.D. Cal. 2001) ("[The bankruptcy petition preparer] argues that she was not a bankruptcy petition preparer as to the motions because she did not charge extra for them. The court does not agree with this strained reading of the Code. Once [the bankruptcy petition preparer] prepared the petition for compensation, she became a bankruptcy petition preparer for the case.").

In Nevada, the practice of law is governed by the State Bar of Nevada. N.R.S. §

---

[5] Section 110(a) defines a "bankruptcy petition preparer" as a "person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." A "person" is defined as an "individual, partnership, and corporation ..." 11 U.S.C. § 101(41) (2010). A "document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this [Title 11]." 11 U.S.C. § 110(a)(2) (2010).

4

7.285 (West 2013).[6]

> Although a person is entitled to represent himself or herself in the district court, see SCR 44 ("[n]othing in these rules shall be so construed as to prevent any person from appearing in his own behalf in any court in this state except the supreme court"), no rule or statute permits a person to represent any other person, a company, a trust, or any other entity in the district courts or in this court.

Salmon v. Newell, 110 Nev. 1333, 1336, 885 P.2d 607, 608 (Nev. 1994).

Nevada Revised Statute Section 7.285 provides that no person shall practice law in this state unless they are "an active member of the State Bar of Nevada or otherwise authorized to practice law in this state pursuant to the rules of the Supreme Court." N.R.S. § 7.285(1)(a) (West 2013). The statute further provides that any person who practices law who is not an active member of the State Bar of Nevada is guilty of a misdemeanor. N.R.S. § 7.285(2) (West 2013). Practicing law without the appropriate license or court authority may be enjoined through a civil action by the State Bar of Nevada. N.R.S. § 7.285(3) (West 2013).

The unauthorized practice of law is likewise sanctionable under the Code. Under the Code, if a BPP engages in activity outside the scope of its authority, the BPP may be subject to fines,[7] injunctive relief,[8] and damages, including attorney fees. 11 U.S.C. § 110(i) (West 2010).

In Nevada, the practice of law is implicated:

---

[6] Accord, Nevada Rules Professional Conduct, Rule 5.5, Unauthorized Practice of Law (2006).

[7] 11 U.S.C. § 110(l) (2010).

[8] 11 U.S.C. § 110(j) (2010).

5

> whenever a person is faced with a legal issue that cannot be handled by resort to routine forms or customs, and when the person makes the decision not to rely on his or her own judgment but to obtain assistance from someone else, a stranger to the situation. ... The Ninth Circuit, applying Oregon law, likewise held that "'the "practice of law" means the exercise of professional judgment in applying legal principles to address another person's individualized needs through analysis, advice, or other assistance.'" For example, simply providing forms or offering a service to type client-provided information onto the forms was not the practice of law, but advising the client about how to complete a form, e.g., what information to include and on what portions of the form, was the practice of law.

In re Lerner, 124 Nev. 1232, 1238-39, 197 P.3d 1067, 1072-73 (2008). Accord, Pioneer Title Ins. Co. v. State Bar of Nevada, 74 Nev. 186, 191, 326 P.2d 408, 410 (explaining that when a person who is not a lawyer and not a party to a transaction gives professional advice or judgment, the unauthorized practice of law is presented); Vincent v. Santa Cruz, 98 Nev. 338, 341, 647 P.2d 379, 381 (1982) (providing that generally "contracts made in contravention of the law do not create a right of action").

      In the instant case, Strickland prepared and filed the Debtor's Motion and proposed order granting the Motion. (ECF No. 17) The Motion was articulated using terms of art and concepts well known in the legal profession, for example, "[t]he initial bankruptcy petition filed by Debtor was a skeleton filing, meaning it was missing various schedules, and simply had the bare documents in order to put an automatic stay into place[.]" (Motion at 1). Additionally, the Motion provides that the "Automatic Stay (11 U.S.C. § 362) (a) Operates as a statutory injunction (i.e., no proceeding or proof required) against a variety of acts, generally including (1) the commencement or continuation of actions against the debtor, or (2) acts that would affect property of the debtor of the estate, but with certain exception." (Motion at 2)

The court finds it extremely unlikely that the Debtor understood or mentioned to Strickland that this was the language that she wanted to include in her Motion. The court believes it far more likely that Strickland advised the Debtor on how to complete the Motion and what to include in the Debtor's Motion. Providing Debtor with that information is far beyond the realm of a BPP in Nevada. Such actions, if in fact that is what occurred in this case, implicate the unauthorized practice of law.

Accordingly, a show cause hearing is set for September 17, 2014 at 9:30am to show cause why (1) Strickland should not be sanctioned and / or enjoined from engaging in similar such behavior in the future under 11 U.S.C. §§ 110 (i), (j), and (l); and, (2) the matter should not be referred to the Clark County Prosecutor for potential prosecution under NRS § 7.285.

**IT IS SO ORDERED**.

Copies noticed through ECF to:
Wolf Thompson, Esq.

Copies noticed through mail to:
Maggie Strickland
720 E. Charleston Blvd., Ste. 135
Las Vegas, NV 89104

Camella L. Brown
100 South Martin Luther King Blvd, Apt. Q2172
Las Vegas, NV 89106